Nash, J.
 

 Many objections were made by the defendant, to the recovery of the plaintiff, none of which is it necessa« ry for us to examine, as an obstacle has arisen here growing out of the case as stated, which is decisive of the cause. The defendant sets forth in his bill of exceptions that the plaintiff read in evidence, a letter of the defendant, dated January 1839, a copy of which marked A is sent as a part of the case, No such letter or copy of a letter is among the papers in the cause. At the last Term of the Court, when we were called on to look into the case, its absence was detected and supposing it might by mistake have been retained by the Clerk of Rutherford Superior Court, where the cause was tried, upon the suggestion of a diminution of the record, a
 
 certiorari
 
 was issued. A certified copy of the record, as it remains in his office, has been transmitted to us without containing
 
 *522
 
 the required paper. It is evident, without it or an agreement between the parties as to its contents, the Court cannot determine the questions raised by the defendant. It is the foundation of the plaintiff’s claim, that was before his Honor who tried the cause, and the whole of the charge addressed to the jury was made in reference to it. It is the rule in this Court, as in every other Court of
 
 errors,
 
 that he, who alleges error, must shew it. The judgment appealed from must stand as correct, until it is shown to be incoreot. The defendant has made that letter a part of his case ; it is not here to be seen and considered by the Court; it is admitted to have been lost, and the parties cannot agree as to its contents. We are compelled therefore to say we see no error in the judgment below.
 

 fm
 
 Curum. Judgment affirmed.